RUNNING DEER
VAN T. GREEN
    Plaintiff:

civil action No.
3:03cv00601(AWT)

VS-

    Defendants:
HOLLORAN/ SAGE LLP
ONE GOODWIN SQUARE
225 Asylum Street
HARTFORD CONN. 06103

TENNIS ASSOCIATES
228 Oakwood Road
Glastonbury, CT. 06033

CUSHMAN /WAKEFIELD OF
CONNECTICUT, INC
628 Hebron Ave Building 2, Suite 305
Glastonbury, conn. 06033-1491

Motion in opposition to Said Motion to Dismiss

---

motion by plaintiff to respond to defendants motion for Dismissal in opposition to said motion respectfully states for the record

the plaintiff filed a amended complaint for declaratory judgment action at one location, u.s. district court in Hartford a civil action no. 303cv00601) was filed which would provide a adequate form for the resolution of the underlying factual issue

The plaintiff being native American of a new England tribe has filed a documented petition with the bureau of Indian affairs ( referred to in this document as the BIA) and with this court.

the motion is within jurisdiction and pursuant to title 25- Indians u.s.code chapter 5- protection of Indians pursuant to the wheeler - Howard act of June 18th, ] the 1934 IRA, pursuant to the self-determination act under public law 93-638 stat. 2203

plaintiff is claiming land pursuant to EMINENT DOMAIN pursuant to title 25, Chapter 5, section 176

II.

The Defendants' judgment and declaratory actions are clouded, arbitrary and capricious. the motion to dismiss are precluded on the grounds of standing ripeness and lack of understanding of the enactments and public laws pertaining to Indians and their rights with respect to plaintiff.

III.

If it pleases the court , under the facts of this case, a title search on the land of Mr. Cohen's was conducted by historian and there were three parcels of land which were owned by Mr. Cohen. these parcel had already been set aside by treaty within the township of middletown/poirtland,and Glastonbury, which included grassmere land plot and oak street,which is a part of Oakwood Drive in the north end of Glastonbury. the historian was asked to summarize land records [ see grassmere map exhibit A. ] these lots were sold outright.

IV.

In 1920 and 1921,mr.cohen acquired two adjacent properties on Hebron Avenue by Warranty deeds recorded in volume 57,PGS 521and 643 of the Glastonbury land records. these properties were sold by him in 1922 by warranty deed recorded in vol. 58,pg 458 in December 1923, George w. Cohen granted a mortgage on three parcels to Nathan Richards, securing a note for 5272.00( Vol 61, pg 6,). a small portion of the first parcel [85 FT. x 231FT.] was released from the mortgage and sold by warranty deed in 1924, Vol,61,pg 161. George Cohen died on June 2, 1929 and the Glastonbury bank/trust company was appointed administrator of the estate . an action to foreclose the above mortgage was commenced on December 23, 1929 and a judgment of foreclosure was entered on April 4, 1930. a notice of lis pendens appears in Vol 63,pg 340 and a certificate of foreclosure is recorded in Vol.63,pg 428.

Both the lis pendens and the certificate of for closure indicate, however, that the action was brought against the Glastonbury bank and trust, administrator of the estate of George w.cohen, by the town selectmen (Nathaniel Richards). THE FORECLOSURE WAS DEFECTIVE FOR failure to name necessary parties. The administrator of an estate is not the appropriate party to a foreclosure. Connecticut standards of title, standard 13.7, subsection B, states that, " if foreclosure is instituted by the mortgage during settlement of an estate, the heirs or tribe must be made party Defendants and not the fiduciary of the mortgagor's estate.

VI.

Not withstanding the effect of foreclosure, however, it is the opinion of the plaintiff that any interest remaining in heirs of George Cohen's estate be not -extinguished and referred to the department of the interior, bureau of Indian affairs, by the grassmere band of wangunk Indian of Middletown / Connecticut for ascertainment.   over the years, the tribes property has been developed into a light industrial area. In 1962, 9.9 acres were taken by the state of Connecticut for route 2# construction and a portion was conveyed to the town of Glastonbury for the relocation of Oakwood road in 1959. For a number of years, the property was owned by furlong lumber , so it appears that the use as a lumber yard continued up until recently. The remaining property now lies on both sides of Oakwood road and comprises all parts of Hebron avenue and parts of 228 Oakwood road (and Glastonbury tennis Associates and cushman / Wakefield) and numbers 95-107 Oakwood road( media properties and Oakwood Associates, LLC).

For the above reasons there should not be a statute of limitation when it is pertaining to native land disputes the defendants' motion to dismiss is not well taken and should be denied.

Respectfully Submitted this 13 Day 1-04

Running Deer
Pro-Se Party



CERTIFICATION
-------------------------

This is to Certify that on this-------------------day of------------------, the foregoing was either mailed, postpaid, or hand-delivered to:

Halloran/ sage LLP
one Goodwin square
225 Asyum Street
Hartford, CT 06103

Tennis Associates
228 Oakwood road
Glastonbury, Conn.06033

Mashantucket pequot tribal nation
PO Box 3060
Mashantucket ct. 06338

Cushman / wakefield
of Connecticut INC.
628 Hebron avanue
Building 2, suite 305
Glastonbury, Conn 06033-1419

*Van Z. Green*
Respectfully Submitted